UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROGER ALAN SMITH,
Institutional ID No. 02442416

               Plaintiff,

v.                                          No.  1:26-CV-00312-H

TDCJ PRESTON SMITH UNIT
OFFICIALS, *et al.*,

               Defendants.

## ORDER

Plaintiff Roger Alan Smith, a self-represented state prisoner, filed a handwritten document that the Court interpreted as a civil-rights complaint under 42 U.S.C. § 1983. He complains generally about the conditions of his confinement, and he appears to seek undefined injunctive or equitable relief.

Plaintiff did not use the court-approved form or pay the $405.00 filing fee. As explained below, because Plaintiff is not eligible to proceed *in forma pauperis* (IFP), this complaint must be dismissed without prejudice under the three-strikes provision of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

1.     **Legal Standard**

Under what is known as the three-strikes provision of 28 U.S.C. § 1915(g), if a prisoner has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding IFP in a civil action unless he demonstrates that he was in imminent danger of serious physical injury at the time he filed his complaint *See* 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d. 883, 884 (5th Cir. 1998).

To meet the "imminent danger" exception, the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808 at *1 (N.D.

Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice - the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. July 20, 2006)).

## 2.    Discussion

Plaintiff has had at least three civil actions dismissed as frivolous or for failure to state a claim, so he is barred from proceeding IFP unless he shows that he is in imminent danger of serious bodily injury. 28 U.S.C. § 1915(g); *See, e.g., See Smith v. TDCJ-ID Director*, No. 1:19-CV-00191 (N.D. Tex. Apr. 12, 2022) (dismissed as frivolous); *Smith v. Ingalsbe*, No. 1:23-CV-00066 (N.D. Tex. Jun. 27, 2023) (dismissed as frivolous and for failure to state a claim); *Smith v. State of Texas Officials*, No. 1:22-CV-00152 (N.D. Tex. Oct. 17, 2023) (dismissed as frivolous and for failure to state a claim); *Smith v. Director, TDCJ-CID*, No. 1:24-cv-00174 (N.D. Tex. Oct. 15, 2024) (dismissed under the three-strikes provision of Section 1915(g) and alternatively as frivolous and for failure to state a claim).

Plaintiff's complaint is difficult to follow, but he does not allege any specific facts to show that he was in imminent danger of serious physical injury at the time that he filed the complaint. He focuses heavily on describing and interpreting religious texts and drawing analogies to the TDCJ. Dkt. No. 1. He appears to complain primarily that TDCJ allows inmates to practice religions other than Christianity. He also asserts that his life is in danger because of the "Gold Rush Fever," which he does not explain, and because of the prison

unit's proximity to oil wells, which he says affects the air quality and the weather. *Id.* at 5, 7–8.

Simply put, Plaintiff's general complaints about the conditions in the TDCJ do not satisfy the imminent-danger exception to the three-strikes rule. As a result, Plaintiff is barred from proceeding *in forma pauperis* in this action.

**3.     Conclusion**

For the reasons discussed above, the Court finds that Plaintiff cannot proceed with this civil action without prepayment of the filing fee. Thus, because he did not pay the filing fee, his complaint must be dismissed under Section 1915(g).

The Court therefore orders:

1.     Plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(g).

2.      Any pending motions are denied.

3.      If Plaintiff refiles this complaint, he must submit his complete complaint on the court-approved form, and he must pay the full filing fee of $405.

The Court will enter judgment accordingly.

So ordered.

Dated ____Sune 30____, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

3